# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTOPHER BOUTON | Civil Action No. 22-5535 |
| versus | Judge David C. Joseph |
| MANSON CONSTRUCTION CO. | Magistrate Judge Carol B Whitehurst |

## MINUTES OF TELEPHONE CONFERENCE AND ORDERS

On July 17, 2023, the undersigned magistrate judge conducted a telephone conference with the parties, beginning at 2:00 p.m. and ending at 2:10 p.m.[1] for the purpose of discussing the pending Motion to Compel IME [Doc. 22] and Motion to Compel Vocational Rehabilitation Examination [Doc. 24], both filed by Manson Construction Co. ("Manson"). Both motions are opposed by the plaintiff [Docs. 26 & 27], and Manson filed a reply brief [Doc. 29].

No additional argument – other than what was presented in the briefs – was presented at the conference. Federal Rule of Civil Procedure 35 provides that a court where an action is pending may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Rule 35 contains no limitation on the number of examinations that a plaintiff may be compelled to undergo. Each request

---

[1] Statistical time: 10 mins.

for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request. *See, generally, Guillie v. Pontchartrain Materials Corp.*, 2004 WL 2193823, at *1 (E.D. La. Sept. 23, 2004). Although Rule 35 examinations may be ordered only on motion for good cause shown, and use of Rule 35 to compel such examination is not unfettered, "Rule 35(a) is to be construed liberally in favor of granting discovery." *Id.*

The record shows that the plaintiff has put both his physical and mental states at issue in this litigation, as well as his future employment capacity. To the extent that the plaintiff argues he has already undergone a physical examination, the undersigned notes that the plaintiff's previous examination was conducted by Dr. Christopher Hebert at the request of American Equity Underwriters ("AEU"), Manson's worker's compensation insurer, prior to the commencement of the instant litigation. The record also shows that surgery on the plaintiff's foot has been recommended since that initial physical examination.

After considering the arguments of the parties, the undersigned concludes that Manson has shown good cause for both the IME and the vocational rehabilitation examination, and the instant motion is GRANTED.

Additionally, at the conference, the plaintiff requested that Manson comply with certain discovery requests that have previously been propounded and not fully

answered. Manson advised that it will supply the requested information as soon as possible.

**THUS DONE AND SIGNED** this 24th day of July 2023 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE